UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

              Plaintiff,                             Case No. 1:22-cr-088

v.                                            Hon. Jane M. Beckering
                                                 United States District Judge

DESHAY MALORY,

              Defendant.

_____/

**DEFENDANT'S SENTENCING MEMORANDUM
IN SUPPORT OF MOTION FOR DOWNWARD VARIANCE**

### Introduction

On June 28, 2022, Mr. Malory was charged with being a felon in possession of a firearm, contrary to 18 U.S.C. §§ 922(g)(1), 921(a), and 924(a)(2). Mr. Malory entered a plea to the one-count Indictment on August 18, 2022. He will appear for sentencing before this Honorable Court on November 29, 2022, at 2:30 p.m. A final Presentence Report (PSR) has been prepared and submitted to the parties. (ECF No. 28, PSR, PageID.87-119). The calculated guideline range is total offense level 27 with a criminal history category V, for advisory guidelines of 120 to 150 months.

Mr. Malory respectfully submits this Sentencing Memorandum to assist the Court with fashioning a sentence that is sufficient, but not greater than necessary.

**Defendant's Remaining Objection**

The defense has raised objections to the scoring of criminal history points for two prior misdemeanor possession of marijuana convictions and one scoring of driving while license suspended.  The defense maintains that the above-noted scoring of one point for each conviction should not be scored; however, if this Honorable Court does not sustain the defense's objection, the defense respectfully requests that the Court consider a downward variance.

Usually, pursuant to the sentencing guidelines, a conviction for driving while license suspended, is not scored, unless a defendant receives a sentence of 30 days.  Admittedly, Mr. Malory was sentenced to 30 days (but did not serve 30 days); however, the defense maintains that scoring a driving while license suspended conviction with one criminal history point, when Mr. Malory did not actually serve 30 days, and if he had instead been ordered to serve only 29 days, he would not have been scored at all.  The defense maintains this over-represents Mr. Malory's criminal history score.

Further, Mr. Malory objects to the scoring of one point each for the two prior convictions of simple possession of marijuana charges. Mr. Malory objects to the scoring of his 2015 conviction for simple possession of marijuana in his criminal history and his conviction of possession of marijuana in 2013 (along with the scoring of DWLS).  Under § 4A1.2(c)(1), sentences for specific enumerated offenses and "offenses similar to them" are only counted if "the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days," or "the prior offense was similar to an instant offense."  The enumerated offenses are: careless or reckless driving; contempt of court;

2

disorderly conduct or disturbing the peace; driving without a license or with a revoked or suspended license; false information to a police officer; gambling; hindering or failure to obey a police officer; insufficient funds check; leaving the scene of an accident; non-support; prostitution; resisting arrest; trespassing.  Possession of a small amount of marijuana is similar to the enumerated offenses.  In fact, it is less serious as it is not even criminal.

Public attitude towards marijuana has dramatically changed in recent years.  As of this year, 37 states and D.C. allow for medical use of marijuana.  Further, 19 states, including Michigan, have legalized small amounts of marijuana for personal use. Moreover, President Biden issued a pardon proclamation on October 6, 2022, granting "a full, complete, and unconditional pardon" to people convicted of simple possession of marijuana in violation of either the federal Controlled Substances Act or D.C. Code 48–904.01(d)(1).  President Biden encouraged governors to follow his lead and take similar steps to pardon state simple marijuana possession charges.  "Too many lives have been upended because of our failed approach to marijuana.  It's time that we right these wrongs," the President said.  Kervin Lupak, *Biden pardons all federal offenses of simple marijuana possession in first major steps toward decriminalization*, CNN October, 6, 2022, available at   https://www.cnn.com/2022/10/06/politics/marijuana-decriminalization-white-house-joe-biden/index.html.  The President also acknowledged racial disparities, stating "While white and Black and brown people use marijuana at similar rates, Black and brown people are arrested, prosecuted, and convicted at disproportionate rates." *Id*.

Mr. Malory was convicted of a possession of marijuana offense in 2015.  His sentence was $678 fines/costs.  In Michigan, possession of up to 2.5 ounces (70.87 grams) is no longer criminal.  Mr. Malory possessed 14.33 grams.  If this event occurred today, it would not be criminal and it would not result in criminal charges and a conviction.  Scoring criminal history points (which ultimately increases a defendant's sentence), based on conduct that voters and the legislators agree should not be criminalized, is not warranted. Mr. Malory has a second conviction for possession of marijuana in 2013, and he is objecting to that scoring on the same basis as the conviction listed above.

The Sixth Circuit has previously held that a marijuana possession offense is not similar to offenses enumerated in § 4A1.2(c)(2).  *United States v. Collins*, 600 F. App'x 433, 436 (6th Cir. 2015); *United States v. Tatum*, 743 F. App'x 589, 592 (6th Cir. 2018); *United States v. Foster*, 832 F. App'x 401, 407 (6th Cir. 2020).  Other than being unpublished and therefore not binding, these cases should not be followed as they do not consider the latest developments, including decriminalization of marijuana possession, the shift in public opinion regarding marijuana, and the federal pardon of marijuana possession offenders.

If this Honorable Court does not sustain Mr. Malory's objection to the scoring of two one-point scores for the two prior marijuana convictions, the defense argues in the alternative for a downward variance of one criminal history category.  Because possession of marijuana is no longer a criminal offense, it seems inequitable to still score such sentences in a defendant's criminal history. The scoring, especially in a case where it affects a criminal history category, could create sentencing disparities over time.

4

If Mr. Malory's objection is sustained, for the two one-point scorings for possession of marijuana, his total criminal history points would be 9, not 11, for a criminal history category of IV, not V.  Mr. Malory's total offense level would remain the same at 27, and Mr. Malory's advisory guidelines would become 100 to 125 months.  However, because the maximum for the instant offense is 120 months, the advisory guidelines would be 100 to 120 months

## Legal Discussion

Overall, as the Court is aware, the principle and basic mandate of 18 U.S.C. § 3553(a) requires this Honorable Court to impose a sentence "sufficient, but not greater than necessary" to comply with the four (4) purposes set forth in § 3553(a)(2):

**§ 3553. Imposition of a sentence.**

**(a) Factors to be considered in imposition a sentence.** – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . .

5

18 U.S.C. § 3553(a)(2).

In *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006), the Court held that after *United States v. Booker*, 543 U.S. 220 (2005), a judge must impose the lowest sentence that is "minimally sufficient" to meet those goals regardless if that sentence is probation, time served, a mandatory minimum sentence, the statutory maximum, or somewhere in between.

### 18 U.S.C. § 3553(a) Factors

### 1.  (a) Nature and Circumstances of the Offense

Deshay Malory entered a guilty plea to Felon in Possession of a Firearm, contrary to 18 U.S.C. §§ 922(g)(1), 924(a)(2), 921(a).  Based on all the circumstances of both the offense and the offender, the defense is requesting this Honorable Court consider a downward variance from the advisory guidelines or a sentence at the low end.

### (b) History and Characteristics of the Defendant

### 18 U.S.C. § 3553(a) Factors

Mr. Malory is 30 years old.  Mr. Malory grew up in an unstable family background. His mother was very young when she began having children and already had four by the time she was 25 years old.  Mr. Malory's father, although he lived nearby, was not seen much by Mr. Malory.  His growing up years consisted of being shuttled between numerous homes and growing up in the streets.  The neighborhood Mr. Malory grew up in, in the city of Kalamazoo, was an area riddled with drugs, violence, and shootings.  Police reports reflect that when Mr. Malory was only 11 years old, he witnessed a shooting of a child with a .22 caliber rifle.  Mr. Malory's mother drank excessively and Mr. Malory has observed

that he cannot recall a time that she smiled or was happy.  Many times, Mr. Malory would leave wherever he was staying and would live on the streets.  No one cared enough to look for him.  Mr. Malory's father and brothers got into criminal behavior and have all served prison time.  In short, Mr. Malory's formative and growing up years were traumatic, unstable, and he was left to fend for himself in a very rough environment.  The Family Division of the Kalamazoo Court was involved in numerous issues with Mr. Malory's family, as well as Mr. Malory.  It is a sad commentary on Mr. Malory's formative years when he stated that he could recall only one time that his birthday was celebrated.

When looking at Mr. Malory's childhood, it is not surprising that he began to get involved with guns and drugs.  Mr. Malory's involvement with illegal activity became a way of survival.  By the time he was 15, he was living on the streets and staying wherever he could.  During this time, Mr. Malory was also kicked out of school. However, to his credit, he did earn his GED in 2014, while serving time.  Numerous times, the Kalamazoo Department of Public Safety (KDPS) was involved in Mr. Malory's family home.  Mr. Malory was a naturally-talented gymnast in his younger years, but he had no support (with the exception of an elementary school teacher) and had no one to take him to classes to pursue his interest.

Mr. Malory has five children from several relationship.   Mr. Malory takes responsibility for the fact that these relationships have failed with the mothers of his children.  He does, however, try as much as possible, to spend time with his children and misses them dearly.

Stemming from Mr. Malory's troubled upbringing, he has suffered from depression and anger issues.  Since being incarcerated, Mr. Malory was diagnosed with anxiety and major depressive disorder with psychotic features.  He indicated that he was prescribed Prazosin and Seroquel.  These medications are used to treat post-traumatic stress disorder, schizophrenia, bipolar disorder, and depression.  Mr. Malory has indicated that he believes the medication he is on has been helping him and he wishes he had been prescribed them long before this time.  United States Probation Office, Amber Gonzalez, reports in the PSR that she has not received records from the Kalamazoo or Newaygo County jails regarding Mr. Malory's medications.  Counsel is awaiting reports from Community Mental Health in regards to Mr. Malory as well.  Based on the above-noted facts, the defense is respectfully requesting that this Honorable Court recommend Mr. Malory receive a mental health evaluation to evaluate and keep Mr. Malory on the proper medications.  It is also clear from the PSR and Mr. Malory's past that he has anger management issues.  Mr. Malory would benefit from receiving classes or treatment regarding that as well.

Mr. Malory, along with the above-noted issues, also struggles with substance abuse, which should also be addressed.  Mr. Malory has a history of substance abuse disorder and indicated that he began using marijuana at age 8, alcohol at age 13, Xanax at age 17, and Adderall and Percocet at age 29.  Mr. Malory indicated he used those substances daily up until his arrest.  It is abundantly clear that Mr. Malory could use long term and substantive drug treatment while serving his time.  Mr. Malory has expressed a strong interest in taking this opportunity to work on his substance abuse issues along with the above-noted issues regarding his mental health.

Based on the above-noted factors, it is not surprising that Mr. Malory does not have much of an employment record.  He has worked at fast food restaurants and, at times, with his father.  However, Mr. Malory knows his is facing a lengthy incarceration and has expressed his desire to take the opportunity for vocational training.  He has an interest in training in electrical work and plumbing.

**2.     The Need for the Sentence Imposed:**
         **(A) To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense;**
         **(B) To Deter the Defendant and Others from Committing Like Conduct;**
         **(C) To Protect the Public; and**
         **(D) To Provide the Defendant with Needed Rehabilitative Treatment in an Effective Manner**

Mr. Malory has accepted responsibility and understands he must face the consequences of his actions.

**3.     The Kinds of Sentences Available**

Probation is unavailable for Mr. Malory.  As part of any sentence imposed, Mr. Malory respectfully requests the Court recommend both a mental health evaluation and physical evaluation, along with vocational training in plumbing and the electrical trades.

**4.     The Advisory Guideline Range as Expressing the Sense of the Legislature**

The recommended guideline range is 120 to 150 months based on a total offense level of 27 and a criminal history category of V, however, the statutorily authorized maximum sentence is 120 months.  These guidelines do not take any variance into consideration.

**5.      Any Other Policy Statement**

No other policy statement appears to be implicated here.

**6.      Unwarranted Disparities**

None known.

**7.      Restitution**

Restitution does not appear to be an issue.

## Conclusion

Mr. Malory prays that this Honorable Court grant his objections to the scoring of his prior criminal history, which if sustained, would bring his criminal history category down to IV.  Mr. Malory, in the alternative, prays that the Court grant a downward variance which would be a sentence "sufficient, but not greater than necessary," to achieve the goals of sentencing.

Respectfully submitted,

SHARON A. TUREK
Federal Public Defender

Dated:  November 22, 2022

/s/ Helen C. Nieuwenhuis
HELEN C. NIEUWENHUIS
First Assistant Federal Public Defender
50 Louis NW, Suite 300
Grand Rapids, Michigan 49503
(616) 742-7420