UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.

DESHAY MALORY,

   Defendant.

_____/

No. 1:22-cr-88

Hon. JANE M. BECKERING
United States District Judge

## Government's Response in Opposition to Defendant's Motion for Sentence Reduction Pursuant to Amendment 821

Deshay Malory filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. Because Malory's guideline range has not "subsequently been lowered as a result of an amendment to the Guidelines Manual," his motion should be denied.

## Procedural Background

Deshay Malory pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (R.28: PSR, PageID.89, ¶¶ 2 and 4.) In April 2022, in a convenience store parking lot, Malory fired a shot into an occupied vehicle.; a 9mm casing was recovered from the scene. (*Id.*, PageID.90, ¶ 9.) Later that month, officers were conducting surveillance and apprehended Malory in possession of a 9mm handgun. (*Id.*, PageID.90, ¶ 12.) At sentencing, his advisory guidelines range was 120 months in custody. (*Id.* PageID.119) He had a total offense level of 27 and a criminal history category of V, which would have called for a range of 120 to 150 months, but the advisory guideline range became 120 months because the statutorily

authorized maximum sentence was 120 months. (*Id.*) This Court imposed a sentence of 120 months in custody. (R.48: Sentence Modification Report (SMR), PageID.225.)

## Law and Argument

A "court may not modify a term of imprisonment once it has been imposed except [*inter alia*] . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). Section 3582(c) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with [U.S.S.G.] Section 1B1.10 before it may consider whether the authorized reduction is warranted . . . according the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

In *Dillon*, the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court required district courts to follow the two step-approach; "[a]t step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification." *Id.* at 821. Step two "instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Id.* at 827.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears at U.S.S.G. § 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise presents 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise presents 6 criminal history points or fewer receives no status points.

On August 24, 2023, the Commission decreed that this change applies retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Malory originally had a criminal history subtotal of nine and was given two additional points for "commit[ting] the offense while under a criminal justice sentence." (R.48: SMR, PageID.225.) This resulted in eleven total criminal history points and a criminal history category of V. (*Id*.) Following the amendment to the "status" points portion of the guidelines, Malory would be assessed only one "status" point. (*Id*.) This results in a total of ten criminal history points, but the criminal history category remains V. *See* U.S.S.G. Ch. 5, Part A: Sentencing Table. Therefore, Malory's advisory guideline range remains 120 months.

Because Malory is not "a defendant . . . serving a term of imprisonment [whose applicable] guideline range has subsequently been lowered as a result of an

amendment to the Guidelines Manual," he is not entitled to a sentence reduction. U.S.S.G. § 1B1.10(a)(1). His motion must be denied.

## Conclusion

Although Malory is entitled to a reduction in his "status" points, that does not impact the advisory guideline range. The government respectfully requests that his motion be denied.

Respectfully submitted,    MARK A. TOTTEN
United States Attorney

Dated: July 26, 2024    */s/Alexis M. Sanford*
ALEXIS M. SANFORD
Assistant U.S. Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
alexis.sanford@usdoj.gov

CERTIFICATE OF SERVICE

  I hereby certify that on July 26, 2024, the foregoing document was electronically filed.

  I further certify that a copy of the foregoing document was mailed to the defendant on this date, as he is not registered to receive the document by the Court's electronic filing system. A copy was sent to:

  Deshay Malory, 08709-510
  FCI Williamsburg
  Federal Correctional Institution
  P.O. Box 340
  Salters, SC 29590

                _/s/Alexis M. Sanford_
                ALEXIS M. SANFORD
                Assistant U.S. Attorney
                P.O. Box 208
                Grand Rapids, MI 49501-0208
                (616) 456-2404
                alexis.sanford@usdoj.gov