UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DESHAY MALORY,

    Defendant.
_____/

Case No. 1:22-cr-88

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendant Deshay Malory's pro se motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) and request for appointment of counsel (ECF No. 42). For the following reasons, the Court denies the motion.[1]

### I. BACKGROUND

Defendant pleaded guilty to being a felon in possession of a firearm (Pre-Sentence Report [PSR, ECF No. 28, filed under restricted access] ¶¶ 2–5). Defendant's criminal history subtotal was nine, and he was given two additional points for "commit[ting] the offense while under a criminal justice sentence," which made Defendant's total criminal history score eleven (*id.* ¶¶ 49– 51). The criminal history score of eleven established a criminal history category of V (*id.* ¶ 51). Based upon Defendant's total offense level of 27 and criminal history category of V, the guideline

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)," Rule 43(b)(4).

imprisonment range was 120 to 150 months; however, the statutorily authorized maximum sentence was 120 months, so the advisory guideline range became 120 months (*id.* ¶ 94). On November 29, 2022, this Court sentenced Defendant to 120 months' imprisonment to be followed by three years' supervised release (Minutes, ECF No. 32; Judgment of Sentence, ECF No. 33).

After Defendant's Sentencing, in August 2023, the United States Sentencing Commission submitted to Congress proposed changes to the federal sentencing guidelines, including Amendment 821, which would have retroactive effect. On November 1, 2023, when Congress failed to modify or reject Amendment 821, it became effective. Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A. United States Sentencing Guideline (U.S.S.G.) § 4A1.1. Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors. U.S.S.G. § 4C1.1.

In his motion at bar, Defendant seeks retroactive application of Amendment 821 to the Court's Judgment of Sentence. Pursuant to this Court's Order, the Probation Office prepared a Sentence Modification Report (SMR), which was filed under restricted access (ECF No. 48). Defendant filed a supplement to his motion (ECF No. 47), but Defendant did not file a response to the SMR. On July 26, 2024, the government filed a response in opposition to Defendant's motion (ECF No. 49).

## II. ANALYSIS

### A. Motion Standard

A "court may not modify a term of imprisonment once it has been imposed except … in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.

§ 3582(c)(2). Section 3582(c) establishes a "two-step inquiry." *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). First, a court must "determine that a reduction is consistent with [United States Sentencing Guideline (U.S.S.G.)] § 1B1.10," *id.*, which provides in pertinent part the following:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).

Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)[.]" *Jones, supra*. The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

## B. Discussion

Defendant's motion implicates Part A of Amendment 821. Defendant argues that his sentence should be reduced because his presentence report included "Status Points" in the

calculation of his criminal history score under then U.S.S.G. § 4A.1.1(d) (ECF No. 42 at PageID.212). The author of the SMR indicates that a reduction of Defendant's sentence is not consistent with the policy statements of the United States Sentencing Commission because the new calculation does not result in a lower guideline range (ECF No. 48 at PageID.227). The government agrees (ECF No. 49 at PageID.229).

Defendant's motion is properly denied.

Defendant had two Status Points added to his criminal history score under what was U.S.S.G. § 4A.1.1(d), bringing his total to eleven. Applying the changes to the guidelines reflected in U.S.S.G § 4A.1.1(e), Defendant's Status Points decrease from two to one. Defendants with a criminal history score of ten, eleven, or twelve have a criminal history category of V. *See* U.S.S.G. Ch. 5, Part A: Sentencing Table. Therefore, the reduction in criminal history points from eleven to ten would not change Defendant's criminal history category, and his advisory sentencing guideline range is unchanged. Accordingly, Defendant is not entitled to a modification of his sentence under 18 U.S.C. § 3582(c)(2), and his motion is properly denied. In light of the fact that Defendant's advisory guideline range is unchanged by Amendment 821, the Court denies Defendant's request for appointment of counsel. Accordingly:

**IT IS HEREBY ORDERED** that Defendant's pro se motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) and request for appointment of counsel (ECF No. 42) is DENIED.

Dated:  August 5, 2024                                    /s/ Jane M. Beckering
                                                                          JANE M. BECKERING
                                                                          United States District Judge