UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 1:22-cr-88

    HON. JANE M. BECKERING

DESHAY MALORY,

    Defendant.
_____/

### MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendant's pro se "Request for Sentence Reduction under 18 U.S.C. § 3582(c)(2)" (ECF No. 52).[1] Defendant reiterates the arguments he presented to the Court in a prior filing (ECF No. 47), which Defendant intended as a supplement to his prior pro se Motion for Modification or Reduction of Sentence Pursuant to Guideline Amendment No. 821 (ECF No. 42). Specifically, Defendant seeks retroactive application of Part A and Part C of Amendment 821.

***Part A.*** This Court has previously concluded that Defendant is not entitled to a modification of his sentence under Part A of Amendment 821 because a reduction in Defendant's criminal history points from eleven to ten would not change his criminal history category, and his advisory sentencing guideline range would be unchanged (ECF No. 50 at PageID.237). For this reason—as more fully explained in the Court's August 5, 2024 Memorandum Opinion and

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)." Rule 43(b)(4).

Order—Defendant's motion for a sentence reduction pursuant to Part A of Amendment 821 is properly denied.

*Part C.* Unlike Part A and Part B of Amendment 821, Part C was not made retroactive by the Sentencing Commission. *See United States v. Leverett*, No. 17-20845, 2024 WL 497056 at *1 (E.D. Mich. Feb. 8, 2024) ("The Sentencing Commission has not, however, stated an intention to apply this provision (Part C) retroactively"); *United States v. Rashko*, No. 4:19CR80-1, 2024 WL at *1 4682300 (E.D. Va. Nov. 5, 2024) (Part C "was *not* made retroactive"); *United States v. Hoover*, No. 14-00145-01, 2024 WL 4291512 (W.D. La. Sep. 25, 2024) ("Part C is not retroactive"); *United States v. Guerrier*, No. 21-20455, 2024 WL 1307112 at *2 (S.D. Fla. Mar. 27, 2024) (declining to apply Part C retroactively). This Court sentenced Defendant on November 29, 2022 (Minutes, ECF No. 32; Judgment of Sentence, ECF No. 33). Only after, in August 2023, did the United States Sentencing Commission submit Amendment 821 to Congress, and Amendment 821 became effective on November 1, 2023. Accordingly, Defendant's motion for a sentence reduction pursuant to Part C of Amendment 821 is properly denied.

For the foregoing reasons, consistent with the Court's August 5, 2024 Memorandum Opinion and Order,

**IT IS HEREBY ORDERED** that Defendant's pro se "Request for Sentence Reduction under 18 U.S.C. § 3582(c)(2)" is DENIED.

Dated: January 23, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge